UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PLAYBOY ENTERPRISES INTERNATIONAL, INC.,

Plaintiff,

v.

STELLAR ASSOCIATES INC. d/b/a STELLAR COLLECTIBLES, XANDEBAY LLC, MICHAEL SCHREIBER, THE CARD SHOP d/b/a SCIFI CARDS, and EDWARD WEBB III,

Defendants.

**Case No. 2:24-cv-06016-MCS-PVC**

**CONSENT JUDGMENT AS TO DEFENDANTS STELLAR ASSOCIATES INC. d/b/a STELLAR COLLECTIBLES, XANDEBAY LLC, AND MICHAEL SCHREIBER (ECF No. 61)**

**Hon. Mark C. Scarsi**

Plaintiff, Playboy Enterprises International, Inc. ("Playboy"), filed civil action number 2:24-cv-06016 in the Central District of California against Defendants, Stellar Associates Inc. d/b/a Stellar Collectibles ("Stellar"), Xandebay LLC ("Xandebay"), and Michael Schreiber (collectively, "Defendants"), and others, asserting claims for (i) copyright infringement in violation of § 501 of Title 17 in the United States Code; (ii) DMCA violations in violation of § 1202 of Title 17 in the United States Code; (iii) trademark infringement in violation of § 1114(1) of Title 15 in the United States Code; (iv) trademark infringement in violation of § 1125(a) of Title 15 in the United States Code; (v) trademark dilution in violation of § 1125(c) of Title 15 in the United States Code; (vi) trademark dilution in violation of the California Business & Professions Code § 14247; (vii) unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (viii) unfair competition in violation of California Business & Professions Code § 17200; (ix) common law trademark infringement; (x) common law unfair competition; and (xi) unjust enrichment. Playboy duly served its Complaint on Defendants on September 30, 2024. Defendants now stipulate and consent to the Court's entry of this Consent Judgment and agree to the findings below.

NOW THEREFORE, upon consent of Playboy and Defendants, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

2. This Court has personal jurisdiction over Defendants, and venue is proper in this judicial district at least because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of California, including in this District.

3. Defendants agree that they sold, offered to sell, promoted, advertised, marketed, manufactured, and distributed trading cards that Playboy accused of violating Playboy's trademarks and copyrights (collectively the "Alleged Infringing Products").

4. Defendants agree that Playboy owns all right, title, and interest in and to the trademarks and copyrights asserted in this lawsuit, including but not limited to the trademarks PLAYBOY®, PLAYMATE®, PLAYMATE OF THE YEAR®, PLAYBOY'S PLAYMATE OF THE MONTH®, PLAYMATE OF THE MONTH®, CENTERFOLD®, and the Rabbit Head Design logo, shown below, and Copyright Registration Nos. VA 1-975-000, VA 1-943-531, VA 1-943-533, VA 2-232-669, VA 2-159-393, VA 2-001-016, and VA 2-108-649.

| Rabbit Head Design |
| --- |
|  |

5. Defendants agree that Playboy's trademarks and copyrights asserted in this lawsuit are valid and enforceable.

6. Out of respect for Playboy's rights in Playboy's trademarks and copyrights asserted in this lawsuit, Defendants have agreed to cease selling the Alleged Infringing Products.

7. Defendants shall not at any time manufacture, have manufactured on their behalf, import, use, purchase, promote, market, advertise, distribute, offer to sell, or sell (or aid, abet, or assist any other person or company in so doing) – either

directly or indirectly – (a) any Alleged Infringing Products, (b) any product that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with Playboy, or as to the source, origin, sponsorship, or approval of the product by Playboy, or (c) any product that violates Playboy's copyrights.

8. Each party shall bear its own costs and attorney fees.

9. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

10. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between Playboy and Defendants in this case. This Consent Judgment is intended to be final and shall bind Playboy and Defendants on all issues that were or could have been litigated in this proceeding, and Playboy and Defendants shall not appeal any issue from this proceeding.

SO ORDERED:

Dated: April 14, 2025

Mark C. Scarsi
United States District Judge